## JORDAN v. NEW YORK LIFE INS. CO. *
### No. 4603.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

For former opinion, see 150 So. 419.

Montgomery & Montgomery, of New Orleans, and Nash Johnson, of Shreveport, for appellant.

Dickson & Denny, of Shreveport, for appellee.

MILLS, Judge.

As stated in our original opinion, the issues in this case are those of consideration for the assignment and its effect.

Upon a re-examination of the record we are now satisfied that the payment by the assignee of the note given by the insured for the first premium was a valid and a contemplated consideration for the assignment. The evidence shows that this note was not paid for the insured, but as a part of the obligation of the assignee under the assignment. As there was no debt or obligation owing to the assignee by the insured, the assignment could not have been intended as, or have the effect of, a pledge or agreement of collateral security. Civ. Code, art. 3133.

We were led astray in our former opinion by attaching too much importance to the testimony of the plaintiff and too little to the actual transaction as disclosed by the written exhibits. It is true Mr. Jordan, in answer to the question why he took the assignment, stated that his reason was to protect his brother's family and to keep up the policy. As we now see it, this was simply a statement of the motive that actuated him in making the contract but it was no part of the agreement itself. A party's private reasons for entering into a contract form no part of it.

The act of assignment is absolute and unconditional, supported by a valid consideration executed by the insured and the beneficiary upon the company's form, within the terms of the policy, and accepted by the defendant company. Every cent of premium has been paid by the plaintiff. Since the date of assignment in 1912, neither the insured nor the beneficiary was evinced any interest whatever in the policy. Nor are they now making any contest or asserting any claim under it. Already having a valid title to the policy, plaintiff cannot be required to procure further evidence of his ownership. Another assignment could add nothing to the effect of the first one. Were there adverse claims to the surrender value of this policy, the remedy of defendant would be to deposit this sum in court, cite the various claimants to appear and assert their claims. Failing to make this showing and take this course, defendant cannot sit tight and refuse to pay any one.

For the above assigned reasons, our former judgment is set aside and recalled. The judgment appealed from is now affirmed.

*For opinion denying rehearing, see 153 So. 552.